IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cory Allen Jones,

        Plaintiff,

v.

Toledo Municipal Court, *et al.*,

        Defendants.

Case No. 24-cv-01812

**ORDER**

This is a *pro se* suit brought by an individual, Cory Allen Jones, purportedly under 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that his constitutional rights were violated because of a warrant Defendants issued against him. (*Id*. at PgID. 2). He has sued the Toledo Municipal Court, Mr. Robert G. Hart[1] in his individual and official capacity, and Vallie Bowman-English, in her individual and official capacity. (*Id*.).

Plaintiff alleges that the Defendants issued a warrant that violated his Fourth and Fifth Amendment rights. (*Id*. at PgID. 3). Plaintiff also alleges that Defendants unlawfully disclosed to third parties his Personally Identifiable Information ("PII"), such as his Social Security number, name, address, and date of birth. (*Id*.).

Plaintiff alleges counts for (1) unlawful issuance of capias warrant; (2) conspiracy to violate privacy rights, stalking, harassment, threats of peonage/slavery, and false imprisonment; (3) violation of Fifth Amendment right to Due Process; (4) unauthorized use and disclosure of PII; (4)

---

[1] I have been unable to discern who Robert G. Hart is and how he is allegedly related to the Toledo Municipal Court. It appears that there was a former Judge named Robert Hart in the Sandusky County Court of Common Pleas in 2017-18. So far as I can tell, however, that Judge Hart is not the Defendant who Plaintiff sued here. Since I am dismissing the case with prejudice before service and after initial screening, however, the issue of Defendant Hart's identity is moot.

violation of § 1983 against the municipal court; and (5) a request for emergency relief to prevent the alleged ongoing and irreparable harm. (*Id*. at PgID. 2–10).

## In Forma Pauperis Application

Plaintiff submitted an Application to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2). Plaintiff applied using the AO form 239. The form instructs, in applicable part: "Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0", "none," or "not applicable (N/A)," write that response." Jones did not follow these instructions.

With regard to the first question, where Jones was to disclose income sources of a spouse, Jones left those answers blank. (*Id*. at PgID. 14–15). If Jones intended this to mean that he has no spouse, he should have so indicated. If Jones intended this to mean that he has a spouse without income sources, he should have so indicated. Leaving these responses blank was not an appropriate option.

With regard to questions two and three, where Jones was to indicate his and his spouse's employment history, again, Jones left those responses blank. (*Id*. at PgID. 15). As to question four, although Jones indicated he and his spouse have $0 in cash, he did not indicate any bank accounts or other financial institutions. (*Id*.). Again, I am left to guess whether he intended these blanks to mean he does not have any such accounts, or that he does not have a spouse.

Plaintiff responses to questions five through eight were similarly deficient. (*Id*. at PgID. 16–18). And in question twelve, Plaintiff did not indicate his age or years of schooling. (*Id*. at PgID. 18). Though he indicated in question eleven that he is homeless, he failed to identify where he resides when asked in question twelve. (*Id*.).

Because of these deficiencies in his application, I cannot find that Plaintiff meets the requirements for IFP status. It is Plaintiff's burden to show that he meets these requirements and he has not done so. I therefore deny his IFP application.

**Initial Screening of Complaint: Legal Standard**

Under § 1915(e)(2), regardless of whether a plaintiff has paid any portion of the filing fee, I must dismiss the case "at any time" if I determine that: … "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

I apply the standard set forth in Federal Rule of Civil Procedure 12(b)(6) in making my decision under § 1915(e)(2)(ii). Under Rule 12(b)(6), I decide whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). This statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, *supra*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Although I hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) I "cannot create a claim which a plaintiff

3

has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (internal quotation marks omitted)).

## Discussion

A plaintiff bringing a § 1983 claim must allege: (1) "the deprivation of a right secured by the Constitution or laws of the United States," and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). If a plaintiff does not allege both elements, then the § 1983 claim fails. *Lausin v. Bishko*, 727 F. Supp. 2d 610, 625 (N.D. Ohio 2010) (Nugent, J.).

Plaintiff's allegations against Defendants are conclusory. Even in liberally construing the allegations in the *pro se* pleading, I "cannot create a claim which a plaintiff has not spelled out in his pleading." *Brown, supra*, 415 Fed. App'x at 613.

The gravamen of Plaintiff's complaint is that Defendants unlawfully issued a warrant and that, to effectuate that allegedly illegal warrant, Defendants unlawfully accessed Plaintiff's PII. (Doc. 1, PgID. 4–10). Plaintiff does not indicate how and why the warrant was allegedly unlawful. Rather, it would seem he simply disagrees that it should have been issued and that his PII should have been accessed. He also discusses a fee schedule that he himself has established for disclosure of his PII, which, he argues, entitles him to compensation in this case. (*Id*. at PgID. 7–8). These allegations are insufficient to state a claim.

Plaintiff's complaint is, charitably, difficult to follow. He asserts, among other things, that Defendants stalked him, harassed and intimidated him, and forced him into slavery when they issued a warrant. (*See* Doc. 1, PgID. 5). Yet, he fails to explain the who, what, where, when, why,

4

or how these alleged violations occurred. Even when I accept Plaintiff's factual allegations as true, which I must under *Iqbal*, *supra*, 556 U.S. at 678, they fail to meet basic pleading requirements.

Even if I did not dismiss the complaint for bringing non-cognizable claims, I would dismiss each Defendant in any event.

Defendants Hart and Bowman-English are entitled to immunity from the federal claims against them in their individual capacities. From what I can discern, Plaintiff alleges that Defendant Hart, at the time of the issuance of the warrant, held judicial office as a Toledo Municipal Court Judge (I deem, *in arguendo*, that contention to be accurate) and Bowman-English is the Municipal Court Clerk.

The Supreme Court has long-held that judges and officials who perform judicial duties and acts are immune from suit. *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam). And the Sixth Circuit has long held that issuing arrest warrants constitutes a judicial act. *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019).

Plaintiff does not argue that Defendants Hart and Bowman-English did anything other than engage in an official judicial act, *i.e.,* issuing a warrant. For example, Plaintiff does not argue that either Defendant engaged in unlawful conduct when doing something non-judicial. Such judicial actions are subject to immunity. *Id*. (citing *Mireles*, 502 U.S. at 11–12).

Because the only act that Plaintiff accuses Defendants Hart and Bowman-English of participating in involve a judicial act, both Defendants are immune from suit. Hart and Bowman-English are dismissed.

Plaintiff has also sued Hart and Bowman-English in their official capacity as employees of the Toledo Municipal Court, as well as the Toledo Municipal Court as an entity.

5

A suit against Hart and Bowman-English in their official capacity constitutes a suit against their employer, which is, allegedly, the Toledo Municipal Court. A municipal court in Ohio cannot be sued, however.

The Sixth Circuit has long-recognized that an Ohio state court is not a "person" subject to suit under § 1983. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997). In *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1998) (per curiam), the Sixth Circuit "mandated that an Ohio municipal court was not an arm of the municipality which it served, concluding that the court was a component of the state government and hence was insulated from private federal court litigation by the Eleventh Amendment." *Mumford*, *supra*, 105 F.3d at 268 (discussing the ruling in *Foster, supra*).

Accordingly, Plaintiff's claims against the municipal entity, the Toledo Municipal Court, are dismissed with prejudice.

**Enjoinment Order**

It has come to my attention from the Clerk of the Court and the U.S. Marshals Service ("USMS") that Jones has engaged in disruptive, harassing, and potentially threatening behavior towards Court staff.

Jones has made and continues to make repeated telephone calls to Court and USMS staff. He often makes telephone calls anonymously (by blocking his phone number from caller identification) and through third- parties, where he reveals he is on the phone line only after Court staff answer the phone.

These are not one-off incidents. In the month of October 2024, Court phone records demonstrate that Jones called the Court Help Desk from a blocked phone number 108 times.

Separately from the calls he has made to the Help Desk, he calls the Clerk's Office and Judicial Chambers repeatedly as well. One staff member in the Clerk's Office reported to me that Jones called over nineteen times in one day alone.

Jones is known to use foul and inappropriate language during these phone calls. He directs insults at Court employees. He accuses staff of violating his rights and threatens to escalate his complaints.

Jones has also engaged in inappropriate in-person behavior. He has sent third parties to Court to file documents at the Clerk's office on his behalf. While doing so, he instructed those individuals to record Court staff during their encounters without staff's knowledge or permission.[2] Court staff also understands that on at least one occasion, Jones was on the phone with the third party and was listening to the encounter. Again, Jones has done so without Court staff's knowledge or consent and in violation of the law.

On Wednesday October 30, 2024, Jones called my chambers from a blocked number. He stated that his name was "Kim." When staff asked the caller for a last name, the caller admitted that he was Cory Jones. Jones demanded telephone numbers for the United States Marshal's Service and made an effort to argue that he had been improperly arrested.

On Thursday October 31, 2024, Jones faxed a letter to my chambers, purporting to be a state law Freedom of Information Act request. In it, he sought information that is irrelevant to his case including, but not limited to, my salary records, and the salaries of the entire courthouse staff, as well as personnel information for "all courthouse staff personnel involved in the oversight,

---

[2] "The taking of photographs, recording, or broadcasting by any electronic device including cellular phones, cameras, radio, television, or other means is prohibited in the Federal Court facility." N.D. Ohio L.R. 83.1(a). Violation of this prohibition is a punishable offense, including through contempt. N.D. Ohio L.R. 83.1(d).

7

issuance, or administration of orders involving Cory Jones for the period of 2023–2024. He resubmitted another such request on Friday November 1, 2024 and again on November 5, 2024.

I do not tolerate harassing, abusive, or inappropriate behavior, especially when it is directed at my colleagues and at Court staff.

Federal courts have broad power to preserve order in judicial proceedings and to enforce judgements, orders, and writs of the court. *See Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987). Additionally, "[a] district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial*, 229 F.3d 1154 (6th Cir. Aug. 10, 2000) (unpublished table decision).

Accordingly, Jones is enjoined from contacting any person whom the United States of America compensates in whole or in part for services rendered in any matter that is now or may be pending before the Court. By this Order, I forbid and enjoin Jones or anyone acting at his behest or behalf from undertaking to communicate telephonically, or electronically (*i.e.*, by fax, e-mail, text, or otherwise) with the persons and officers encompassed by or within this Order.

Unless otherwise permitted to do so, Jones is also enjoined from coming within 10 yards of any federal courthouse.

Violation of the foregoing may lead to an Order to show cause why Jones shall not be found in contempt of court or held accountable either through criminal charge or civil litigation. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 294 (1947).

## Conclusion

In conclusion, Plaintiff's Complaint is dismissed with prejudice against all Defendants. I cannot fairly (or even liberally) construe Plaintiff's complaint to allege any viable causes of action under § 1983 or otherwise.

The Clerk's Office is directed not to accept a motion to re-open or any other document for filing in this case unless the full filing fee is paid.

I further certify that an appeal would not be taken in good faith for the reasons explained above. Accordingly, it is hereby,

ORDERED THAT:

1. Plaintiff's *in forma pauperis* application is, and hereby be, denied;

2. Plaintiff's Complaint is, and hereby be, dismissed with prejudice; and

3. Plaintiff is, and hereby be, enjoined from contacting the Court or any of the persons/officers encompassed by this Order.

SO ORDERED.
Date: 11/5/2024

*/s/ James G. Carr*
Sr. U.S. District Judge